IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **KIMBERLY R. SUGGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. CV-07-BE-01889-NW** |
| ) | |
| **MICHAEL J. ASTRUE** ) | |
| **Commissioner of the Social,** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The claimant, Kimberly Suggs, brings this action seeking judicial review of the final decision of the Commissioner of Social Security that denied her claim for Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits.

On December 3, 2004, the claimant protectively filed a Title 11 application for a period of disability and disability insurance benefits. The claimant also protectively filed a Title XVI application for supplemental security income on December 3, 2004. In both applications, the claimant alleged disability beginning August 2, 2002. Both claims were denied on April 5, 2005, and again on May 5, 2005. Subsequently, the claimant filed a timely request for hearing on June 7, 2005. At a hearing on August 24, 2006, the claimant amended the alleged onset date of disability to December 3, 2004.

On October 13, 2006, the ALJ denied the claimant's application for both SSI and SSDI

benefits. On August 15, 2007, the appeals counsel denied the claimant's request for review, constituting the final decision of the Commissioner of the Social Security Administration. Therefore, the claimant has exhausted all administrative remedies, and this court has jurisdiction under 42 U.S.C. §§ 405(g) and 1631 (c)(3). For the reasons stated below, the decision of the Commissioner will be REVERSED and REMANDED.

## II. Issue Presented

Whether the ALJ accorded the treating physician's testimony proper weight[1].

## III. Standard of Review

The standard for reviewing the Commissioner's decision is limited. This court must affirm the Commissioner's decision if the Commissioner applied the correct legal standards and if his factual conclusions are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

"No... presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims.*"* *Walker*, 826 F.2d at 999. The Commissioner's factual determinations, however, are not reviewed *de novo*, but are affirmed if supported by substantial evidence. "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner]'s

---

[1]Although the claimant raised other issues, the court need not address those because of its disposition of this issue.

factual findings." *Walker*, 826 F.2d at 999. A reviewing court must not look only to those parts of the record that support the decision of the ALJ, but the court must also view the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986).

## IV. Legal Standard

A person is entitled to disability benefits when the person cannot

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A)  To make this determination, the Commissioner employs a five-step, sequential evaluation process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt 404, Subpt. P, App.1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986); see also 20 C.F.R. §§ 404.1520, 416.920.

If the ALJ decides to discount the opinion of the treating physician, he must "clearly articulate" his or her reasons for doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.

3

2004). Furthermore, although a treating physician's opinion may be discounted when it is not supported by objective medical evidence, the ALJ must give the testimony of a treating physician substantial or considerable weight unless he or she shows "good cause" to the contrary. *Crawford v. Commissioner*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

### V. Facts

On October 13, 2006, the ALJ denied the claimant social security disability benefits. (R. 280). The claimant was twenty- five years old at the time and possesses a ninth grade education. (R. 259). She had previously worked as a poultry de-boner, a fast food worker, and a cashier. (R. 20).

In January 2001, the claimant was injured in a motor vehicle accident.(R. 17). The injuries included a comminuted fracture of the right knee, a spiral-comminuted fracture of the right tibia, and spiral fracture of the left tibia. (R. 17). As a consequence, both of the claimant's legs required surgery with internal fixation. (R. 17). Subsequently, in January of 2002, the claimant fell, causing a comminuted fracture of the right femoral neck. (R. 17). This right hip injury required the claimant to undergo another surgery with internal fixation. (R. 17). Based on these injuries, on September 14, 2004, an ALJ awarded a closed period of benefits running from January 5, 2001, through August 1, 2002. (R. 14,24).

Following her injuries, the claimant was examined by a variety of medical professionals. The relevant examinations are as follows.

J.A. Tomlinson, M.D. examined the claimant three times in 2004. (R. 141). Once in February, March, and April, respectively. (R. 141-143). In a medical source statement in March

2004, Dr. Tomlinson provided that the claimant was status post fracture of the right hip with fixation, and status post fractures of the bilateral tibias with internal fixation. (R. 142). Dr. Tomlinson determined the claimant could stand no more than twenty to twenty-five minutes at a time, and approximately three hours total in an eight hour work day. (R. 141). The claimant had the capacity to walk in ten minute increments, but for no longer than an hour and twenty minutes in an eight hour work day. (R. 141). The claimant could not sit uninterrupted for longer than twenty minutes, and was limited to sitting for a total of three hours per eight hour work day. (R. 141). The claimant could lift fifteen pounds frequently and twenty-five pounds occasionally, but never more than thirty. (R. 141) She could carry twenty pounds occasionally and ten pounds frequently. (R. 141). While the claimant could occasionally work in extreme heat, she could never work in extreme cold or a wet and humid environment. (R.141). In addition, Dr. Tomlinson found the claimant could never stoop, kneel, crouch, or crawl. (R. 141). The ALJ considered Dr. Tomlinson a treating physician. (R. 17).

On March 22, 2005, a consultive medical examiner, S.D. Steele, M.D., Ph.D, examined Ms. Suggs. Dr. Steele found that the claimant's "overall functional impairment is moderate." (R. 161). Dr. Steele found that the claimant continued to have chronic pain in her legs and hips, and "no obvious deformities or stiffness except in the right hip and both knees." (R. 161). Furthermore, the claimant "likely ha[d] some arthritis affecting her right hip and both knees." (R. 161).

On April 5, 2005, a reviewing Disability Determination Services (DDS) physician completed a physical residual functioning capacity (RFC) assessment based on the claimant's medical record. (R. 162). Notably, the assessment found that the claimant could frequently stoop,

kneel, crouch and crawl. (R. 164). Furthermore, the assessment found the claimant had no working condition limitation. The claimant, the assessment documented, could work unhindered in extreme cold, extreme heat, wetness and humidity. (R. 166). The DDS physician acknowledged the assessment was inconsistent with Dr. Tomlinson's findings, but stated that "[Dr. Tomlinson's] statement is given little weight because there is recent medical [information] that does not support Dr. Tomlinson's medical findings."(R. 168). The DDS physician's conclusion was based on Dr. Steele's examination records. (R. 163).

On April 27, 2006, a state agency disability reviewer examined the claimant's medical record regarding the mental RFC assessment. (R. 188). The reviewer found that the claimant was "able to understand simple and detailed but not complex instructions." (R. 188) Furthermore, the claimant could "sustain attention/concentration for two hour periods to complete a regular workday at an acceptable pace and attendance schedule." (R. 190) Furthermore, she could "respond to at least simple/infrequent changed [sic] in routine." (R. 190.).

Dr. Linda Clemons, a treating physician, examined the claimant several times in 2006. (R. 193-203). Dr. Clemons determined the claimant had no energy or appetite and that her "legs still hurt." (R. 193). The claimant had a "normal gait and station." (R. 197). Inspection of the claimant's legs revealed soft tissue tenderness and joint tenderness of the left knee, right knee, right thigh, and right hip. (R. 200).

At her social security claim hearing, the claimant testified that she could stand for fifteen to twenty minutes, and had to lie down during work hours at a minimum of two times a week. (R. 280).When asked if she thought she could alternate sitting and standing throughout an eight hour day, the claimant said "I don't think I can stand and sit for that long a period of time without

hurting real bad." (R. 271). After testifying that the claimant could not return to her previous unskilled jobs requiring light exertion, a vocational expert determined that jobs existed in the national economy that the claimant could perform. ( R. 21). The vocational expert testified that the claimant could work a sedentary, unskilled job such as a food order clerk, tester of electronic components, and conduction lacer. (R. 21). The vocational expert further testified that these jobs permit one to sit or stand as needed throughout an eight hour day. (R. 21). However, when the claimant's attorney inquired about an individual who needed to lie down for one or more hours during the workday, the vocational expert stated that this individual would be precluded from gainful employment. (R. 284). Moreover, the ALJ did not ask the vocational expert any hypothetical questions regarding crouching, kneeling, or crawling. (R. 253-286).

On October 13, 2006, the ALJ denied the claimant social security disability benefits. (R. 11). First, the ALJ determined that the claimant had not engaged in substantial gainful activity since December 3, 2004. (R. 17). Second, the ALJ determined that the claimant had severe impairments, including post-traumatic arthralgia, status post fractures of the right hip and bilateral tibias with internal fixation, and depression. (R. 17). Third, the ALJ determined that the claimant's injuries did not meet or medically equal a listed impairment under 20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 414.926. (R. 17). Fourth, the ALJ found the claimant had the following RFC:

> She can lift 20 pounds with each hand. Her legs cramp if she has to sit uninterrupted for two to three hours. She can stand 15 to 20 minutes uninterrupted and can walk 100 feet. She can understand and remember simple and detailed but not complex instructions. She can sustain attention/concentration for two-hour periods to complete a regular workday at an acceptable pace and attendance schedule. She can respond to at least simple/infrequent changes in

routine.

In justifying these findings, the ALJ relied "in part from the claimant's testimony and the mental limitations as assessed by the state agency disability reviewer." (R. 19). The ALJ stated that the claimant's medical record "failed to document a sufficient objective basis" to sufficiently support the claimant's characterization of the limiting effects of her injuries. (R. 19). Furthermore, the ALJ noted that the claimant's testimony regarding her limitations was inconsistent with her daily activities, including cooking, driving, watching television, taking care of her daughter, meeting her personal needs, and going to church two to three times a month. (R. 20). Although the ALJ noted the medical records of various physicians in his opinion, he did not assign specific weights to the medical opinions, nor did he rely on specific medical opinions regarding the claimant's physical limitations in reaching his decision. (R. 19-22). Based on these findings, the ALJ found the claimant was not disabled as defined by the Social Security Act. (R. 22).

## VI. Discussion

The claimant alleges that the ALJ improperly rejected the opinion evidence from claimant's treating physician. The law is firmly rooted in this Circuit that if the ALJ decides to discount the opinion of the treating physician, he must "clearly articulate" his or her reason for doing so, and the failure to do so is reversible error. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Furthermore, although the ALJ may discount a treating physician's opinion when objective medical evidence does not support it, the ALJ must give the testimony of a treating physician substantial or considerable weight unless he or she shows "good cause" to the contrary. *Crawford v. Commissioner*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Lewis v.*

*Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Here, without expressly referencing or giving weight to any specific medical opinion regarding physical limitations, the ALJ found the claimant could engage in available substantial gainful activities that permitted her to stand or sit as needed throughout an eight hour work day. Therefore, he found she was not disabled under the Social Security Act. (R. 22). However, the ALJ failed to articulate why he discounted the medical opinion of the claimant's treating physician, Dr. Tomlinson, and failed to indicate which medical opinion he did in fact rely upon.

After examining the claimant, Dr. Tomlinson determined the claimant could neither stand, nor sit for more than three hours total during an eight hour work day. (R. 141). Presumably, the claimant would need to lie down for the remaining two hours. Therefore, based on Dr. Tomlinson's evaluation, the claimant could not get through an eight hour work day rotating shifts of sitting and standing. Furthermore, Dr. Tomlinson found the claimant could not stoop, kneel, crouch or crawl. (R. 141). Although the record is unclear whether working as a food order clerk, a tester of electrical components, or a production lacer requires stooping, kneeling, crouching, or crawling, the ALJ did not address these issues, nor did he present a hypothetical question regarding these limitations to the vocational expert. (R. 253-286).

Although the ALJ did not mention the consulting physician, Dr. Steele, or treating physician Dr. Clemons, in support for his reasons for denying the claimant social security benefits, the Commissioner argues that the ALJ relied on their medical findings. (Commissioner's brief p. 6.). However, no opinion of an *examining* physician materially conflicts with that of Dr. Tomlinson. Neither Dr. Steele nor Dr. Clemons mentioned the claimant's ability to stand and sit throughout an eight hour work day, or any ability to stoop, kneel, crouch, or

9

crawl. Where medical evidence does not conclusively counter the treating physician's opinion, the Commissioner cannot discount the treating doctor's opinion. *Schnorr v. Bowen*, 816 F. 2d 578 (11th Cir. 1986). Furthermore, although the reviewing DDS physician's opinion did contradict Dr. Tomlinson's opinion, the opinion of a non-examining physician does not constitute the good cause needed to reject a treating physician's opinion. *Lamb v. Bowen*, 847 F. 2d 698, 703 (11th Cir. 1988). In any case, the ALJ did not expressly rely on any medical opinion regarding the claimant's physical limitations, including that of the DDS physician.

Additionally, the commissioner argues that, although the ALJ did not clearly articulate reasons for not following the treating physician's determinations, the ALJ's decision implicitly indicates which evidence he relied on, which is sufficient under *Stanton v. Barnhart*, 34 Fed.Appx. 389 (11th Cir. March 11, 2002) (per curiam).  However, in *Stanton*, the Eleventh Circuit expressly found any error committed by the ALJ was harmless because "Stanton failed to demonstrate any prejudice." *Id.* at 3. Here, in contrast to *Stanton*, the ALJ's failure to address the treating physician's opinion was prejudicial to the claimant because Dr. Tomlinson's opinion conflicted with the ALJ's determination.

Perhaps the ALJ has adequate, albeit unexpressed, reasons for his conclusions. However, the purpose of requiring the ALJ to clearly articulate the weight accorded to each item of evidence is to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). A statement that the ALJ considered all testimony and exhibits is not sufficient. *Id.* Therefore, because the ALJ failed to provide good cause for rejecting the treating physician's opinion, substantial evidence does not support the ALJ's decision.

## VII. Conclusion

For the reasons stated, the court REVERSES and REMANDS the Commissioner's decision. The court will enter a separate order consistent with this opinion.

DONE and ORDERED this 21st day of May 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE